SQUIRE PATTON BOGGS (US) LLP
Eric J. Troutman (State Bar # 229263)
eric.troutman@squirepb.com
Shiqi W. Borjigin (State Bar # 317147)
sara.borjigin@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

Petrina A. McDaniel (*pro hac vice forthcoming*)
1230 Peachtree St NE, Suite 1700
Atlanta, GA 30309
Telephone: +1 678 272 3207
Facsimile: +1 678 272 3211

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>         Defendant. | Case No. 3:20-cv-0181-JLS-MSB<br><br>**CLASS ACTION**<br><br><br>**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT**<br><br><br>Date: June 11, 2020<br>Time: 1:30 p.m.<br>Courtroom: 4D<br>Action filed: January 28, 2020 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 11, 2020, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 4D, of the United States District Court for the Southern District of California, located at 333 W Broadway #420, San Diego, CA 92101, before the Honorable Judge Janis L. Sammartino, Defendant Nationwide Mutual Insurance Company ("Defendant" or "Nationwide") will and hereby does move to dismiss Plaintiff Thane Charman's ("Plaintiff") Complaint ("Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that Plaintiff fails to state a claim in the Complaint upon which relief can be granted.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and the records on file herein, and on any oral argument or evidence that may be presented at the hearing on this Motion.

Dated:  March 30, 2020

SQUIRE PATTON BOGGS (US) LLP

By: __/s/ Shiqi W. Borjigin__
Eric J. Troutman
Petrina A. McDaniel (*pro hac vice forthcoming*)
Shiqi W. Borjigin

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court should dismiss Plaintiff Thane Charman's ("Plaintiff") Complaint in its entirety against Defendant Nationwide Mutual Insurance Company ("Nationwide") because Plaintiff fails to state a claim upon which relief can be granted for his two causes of action in the Complaint alleging violations of the TCPA. Plaintiff's claims turn on one key assertion: alleged unconsented calls by Nationwide or its agent to Plaintiff's cellular telephone number via the use of an ATDS. Plaintiff's claims should be dismissed under the First Amendment, because the TCPA provision on which Plaintiff relied for his first and second causes of action contains content-based restrictions on speech that do not survive strict scrutiny and are void for vagueness.[1]

## I.  BACKGROUND

Plaintiff filed the Complaint on January 28, 2020, against Nationwide for claims under two causes of action: (1) Negligent Violations of the TCPA and (2) Knowing and/or Willful Violations of the TCPA. Plaintiff alleges two violative calls under the TCPA.

With respect to the first call, Plaintiff alleges that, "[o]n or about September 17, 2019, Defendant or its agent contacted Plaintiff on his cellular telephone ending in '1119' from the number (619) 317-1849," and that  ( "[a] person on the other end identified themselves as an employee of Nationwide, and Plaintiff heard numerous other voices in the background indicative of a call center."  (Complaint, ¶ 13.) Regarding the second call, Plaintiff  asserts that "[o]n or about September 25, 2019,

---

[1] As further discussed below, Nationwide respectfully brings this argument here to preserve the record for appeal in the event that Supreme Court or Ninth Circuit *en banc* holds the TCPA unconstitutional. *See e.g.*, *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1156–57 (9th Cir. 2019); *see also*, *Barr v. American Association of Political Consultants, Inc.*, No. 19-631, 2020 U.S. LEXIS 2 (2020).

again without Plaintiff's consent, Nationwide called from the number (801) 433-1850" and "sent Plaintiff an email on or about September 25, 2019 … memorializing what Plaintiff and Defendant's agent had spoken about on the call." (Complaint, ¶¶ 14, 15.) Plaintiff alleges "[u]pon information and belief, the calls were placed using an ATDS by an agent or vendor hired by Nationwide who was acting under the direction and control of Nationwide for the financial benefit of Nationwide." (Complaint, ¶ 17.) Plaintiff brings these alleged TCPA violations on his behalf and one putative class:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice without their consent in the four years prior to [sic] the filing of this Complaint.

(Complaint, ¶ 32.)

## II. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE TCPA PROVISION AT ISSUE IS UNCONSTITUTIONAL.

Plaintiff's claims for the first and second causes of action in the Complaint rest on violations of 47 U.S.C. § 227(b)(1)(A)(iii). The Court should dismiss both claims because section 227(b)(1)(A)(iii)'s content-based restrictions violate the First Amendment and the Equal Protection Clause.

### A. Because Section 227 (b)(1)(A)(iii) Restricts Speech in A Manner That Is Content-based, It Is Subject to Strict Scrutiny.

Under the First Amendment, the "government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Brown v. Entm't Merchs. Ass'n*, 564 U.S. 786, 790–91 (2011) (internal quotation marks omitted). Similarly, under the Equal Protection Clause, the government has no power to "discriminat[e] among speech-related activities" because of "the content of the [speaker's] communication." *Carey v. Brown*, 447 U.S. 455, 460–61 (1980). As a general matter, content-based regulation of speech complies with the Free Speech

and Equal Protection Clauses only if the Government "can demonstrate that it passes strict scrutiny." *Entm't Merchs.*, 564 U.S. at 799.

In *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227–28 (2015), the Supreme Court held that "[g]overnment regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed," and that such laws are subject to strict scrutiny "regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." Moreover, because "speech restrictions based on the identity of the speaker are all too often simply a means to control content," the Court also held that "laws favoring some speakers over others demand strict scrutiny" and are presumptively unconstitutional where "the legislature's speaker preference reflects a content preference." *Id*. at 2230.

Section 227(b)(1)(A)(iii) imposes liability for any autodialed or prerecorded/artificial call placed by a private actor, without the called party's prior express consent, "unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii). "[U]nder *Reed*, the debt-collection exception requires a court to examine the content of the message in order to determine if a violation of the TCPA has occurred, rendering section 227(b)(1)(A)(iii) content-based on its face and therefore subject to strict scrutiny." *Gallion v. Charter Commc'ns, Inc*., 287 F. Supp. 3d 920, 927 (C.D. Cal. 2018) (internal quotation marks and brackets omitted).

**B.   <u>Section 227(b)(1)(A)(iii) Fails Strict Scrutiny.</u>**

A content-based speech restriction complies with the First Amendment, and withstands strict scrutiny, only if it is narrowly tailored to serve a compelling government interest. *Reed*, 135 S. Ct. at 2230–31. The restriction complies with equal-protection principles only if it satisfies "carefu[l] scrutin[y]"—only if "any

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

distinctions it draws" serve a "substantial state interest[]" and are "finely tailored" to serve that interest. *Carey*, 447 U.S. at 461–62.

Section 227(b)(1)(A)(iii)'s debt-collection exemption fails to satisfy strict scrutiny, constitutes an unconstitutional content-based restriction on speech, and therefore violates the Free Speech Clause. *Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 170 (4th Cir. 2019); *see also*, *Reed*, 135 S. Ct. at 2230–33. Further, even if a compelling government interest were present, the distinctions between favored and disfavored speech do not directly advance, and are not narrowly tailored to, any such interest. *See id*.

Narrow tailoring requires targeting "no more than the exact source of the 'evil' [the regulation] seeks to remedy." *Frisby*, 487 U.S. at 485 (quoting *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 808–810 (1984)). To survive narrow tailoring analysis, the government may not restrict constitutionally protected speech unless "it chooses the least restrictive means to further the articulated interest." *Sable Commc'ns of Cal., Inc. v. FCC*, 492 U.S. 115, 126 (1989).

Section 227(b)(1)(A)(iii) is both underinclusive and overinclusive and, therefore, fails the narrow tailoring analysis. *See Am. Civil Liberties Union v. Mukasey*, 534 F.3d 181, 193 (3rd Cir. 2008) (affirming a district court's conclusion that "COPA is not narrowly tailored because it is both overinclusive and underinclusive.") First, Section 227(b)(1)(A)(iii) is underinclusive because its selective restrictions on autodialed and prerecorded calls are not narrowly drawn to advance the government's purported privacy or public safety interests. *See Entm't Merchs.*, 564 U.S. at 802 ("[Section 227(b)(1)(A)(iii)] is wildly underinclusive . . . which . . . is alone enough to defeat it."); *see also Williams-Yulee v. Fla. Bar*, 135 S. Ct. 1656, 1668 (2015) (explaining that a law is underinclusive when it abridges "*too little speech*." [emphasis in original]). Second, Section 227(b)(1)(A)(iii) is also overinclusive because it regulates autodialed or prerecorded calls based on their

- 4 -

content and does not address the Legislature's expressed concern. *See Victory Processing, LLC v. Fox*, 937 F.3d 1218, 1228 (9th Cir. 2019) ("[R]egulating robocalls based on their content does not address Montana's expressed concerns."). The major threat posed by autodialed or prerecorded calls relates to the methods or effects of the calls – "intrusive and annoying interruptions" to "the tranquility and privacy" of a person's residential home. *See* 137 Cong. Rec. 35, 302 (1991) (statement of Rep. Markey); *see also id*. at 35,304 (statement of Rep. Cooper) ("I rise in support of this legislation because it effectively addresses the nightly assault by telemarketing machines and operators on the privacy of our homes.")

### C. The Court Should Dismiss Plaintiff's Claims Because the TCPA Provision At Issue Shall Be Stricken Down Entirely.

Plaintiff may argue that he has established a claim under the TCPA because even the debt-collection exemption fails to satisfy strict scrutiny, the Fourth Circuit has found it to be severable. *See Am. Ass'n of Political Consultants*, 923 F.3d at 171. When a statutory exception violates the First Amendment, the correct remedy is to strike down the entire statute as unconstitutional. *See, e.g.*, *Rappa v. New Castle Cnty.*, 18 F.3d 1043, 1072-73 (3d Cir. 1994) (explaining that courts will not sever a statutory exception if "[e]liminating the offending exception would mean that we would be requiring the State to restrict *more* speech than it currently does"); *see also Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 102 (1972) (invalidating entire ordinance prohibiting picketing outside schools, not severing exception for labor picketing). However, the Fourth Circuit, by severing the government-backed debt exemption, chose to restrict *more* speech, which is inconsistent with the clear precedent. Accordingly, the Court should not adopt the Fourth Circuit's approach and should strike down the entire statute as unconstitutional.[2]

---

[2] The Supreme Court is currently reviewing the constitutionality of the TCPA. *See Barr v. American Association of Political Consultants, Inc.*, No. 19-631, 2020 U.S. LEXIS 2 (2020). The issue presented is whether the TCPA is an unconstitutional, content-based restriction on free speech, and whether the proper remedy for a

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## III. CONCLUSION

For the foregoing reasons, Defendant Nationwide Mutual Insurance Company respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted.

Dated:  March 30, 2020

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Shiqi W. Borjigin*
Eric J. Troutman
Petrina A. McDaniel (*pro hac vice forthcoming*)
Shiqi W. Borjigin

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

---

constitutional violation is to sever any content-based exemptions from the rest of the statute.

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, a copy of the foregoing Motion to Dismiss Complaint was served by ECF on the following:

Abbas Kazerounian, Esq.
Nicholas R. Barthel, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
ak@kazlg.com
nicholas@kazlg.com

Alex. S. Madar, Esq.
MADAR LAW CORPORATION
14410 Via Venezia #1404
San Diego, CA 92129
alex@madarlaw.net

*/s/ Shiqi W. Borjigin*___
Shiqi W. Borjigin, Esq.