SQUIRE PATTON BOGGS (US) LLP
Eric J. Troutman (State Bar # 229263)
eric.troutman@squirepb.com
Shiqi W. Borjigin (State Bar # 317147)
sara.borjigin@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

Petrina A. McDaniel (*pro hac vice forthcoming*)
1230 Peachtree St NE, Suite 1700
Atlanta, GA 30309
Telephone: +1 678 272 3207
Facsimile: +1 678 272 3211

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:20-cv-0181-JLS-MSB<br><br>**CLASS ACTION**<br><br>**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFF'S COMPLAINT**<br><br>Date: June 11, 2020<br>Courtroom: 4D<br>Action filed: January 28, 2020 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 11, 2020, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 4D, of the United States District Court for the Southern District of California, located at 333 W Broadway #420, San Diego, CA 92101, before the Honorable Judge Janis L. Sammartino, Defendant Nationwide Mutual Insurance Company ("Defendant" or "Nationwide") will and hereby does move for an order from the Court to strike Plaintiff Thane Charman's ("Plaintiff") class allegations from the Complaint ("Complaint"), pursuant to Federal Rule of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D), on the grounds that Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23 with respect to the alleged class.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and the records on file herein, and on any oral argument or evidence that may be presented at the hearing on this Motion.

Dated: March 30, 2020

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Shiqi W. Borjigin*
    Eric J. Troutman
    Petrina A. McDaniel (*pro hac vice forthcoming*)
    Shiqi W. Borjigin

Attorneys for Defendant
NATIONWIDE MUTUAL
INSURANCE COMPANY

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. PLAINTIFF'S ALLEGATIONS ................................................................... 2

III. ARGUMENT ................................................................................................. 3

    A. Legal Standard ..................................................................................... 3

    B. Plaintiff's Class Allegations Must Be Stricken Because They Fail to Meet the Requirements of Rule 23. ........................................... 4

        1. Plaintiff's Class definition Must be Stricken Because They Are Not Defined by Objective Criteria and Instead Depend on Resolution of Merits Inquiries. ................................ 5

        2. Certification Under Rule 23(b)(2) Is Improper Because the Primary Relief Sought Is Monetary Damage. ...................... 8

        3. Certification Under Rule 23(b)(1) Is Likewise Improper. ......... 9

        4. The Court Should Not Wait Until the Certification Stage to Address These Definitional Issues. ..................................... 10

IV. CONCLUSION ........................................................................................... 10

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Backhaut v. Apple Inc.*,
  No. 14-CV-02285-LHK, 2015 U.S. Dist. LEXIS 107519
  (N.D. Cal. Aug. 13, 2015) ...................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2006) ............................................................................................4

*Berndt v. Cal. Dep't of Corr.*,
  No. C 03-3174 VRW, 2010 U.S. Dist. LEXIS 57833
  (N.D. Cal. May 19, 2010) ...................................................................................5

*Brazil v. Dell, Inc.*,
  585 F. Supp. 2d 1158 (N.D. Cal. 2008) ..............................................................4

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) ............................................................................5

*Chavez v. Air Prods. & Chems. Inc.*,
  2016 U.S. Dist. LEXIS 189276 (C.D. Cal. Feb. 24, 2016) .................................7

*Connelly v. Hilton Grand Vacations Co.*,
  294 F.R.D 574 (S.D. Cal. 2013) ......................................................................8, 9

*Dixon v. Monterey Fin. Servs., Inc.*,
  No. 15-cv-03298-MMC, 2016 U.S. Dist. LEXIS 111687
  (N.D. Cal. Aug. 22, 2016) ...................................................................................7

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ............................................................................3

*Fisher v. MJ Christensen Jewelers, LLC*,
  No. 2:15-cv-00358-RFB-NJK, 2018 U.S. Dist. LEXIS 36048 (D. Nev. Mar. 6, 2018) .............................................................................................8

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) ............................................................................................3

*Gen Tel. Co. of the Sw.v. Falcon*,
  457 U.S. 147 (1982) ..........................................................................................10

MOTION TO STRIKE CLASS ALLEGATIONS
*Case No. 3:20-CV-0181-JLS-MSB*

*Gene & Gene v. BioPay, LLC*,
   541 F.3d 318 (5th Cir. 2008) ................................................................................ 9

*Goel v. Coalition Am. Holding Co.*,
   2011 U.S. Dist. LEXIS 160745 (C.D. Cal. July 5, 2011) ..................................... 5

*Hanni v. Am. Airlines, Inc.*,
   No. C 08-00732 CW, 2010 U.S. Dist. LEXIS 3410 (N.D. Cal. Jan.
   15, 2010) ........................................................................................................... 5, 7

*Hill v. Wells Fargo Bank, N.A.*,
   946 F.Supp.2d 817 (N.D. Ill. 2013) ..................................................................... 4

*J.L. v. Cissna*,
   No. 18-cv-04914-NC, 2019 U.S. Dist. LEXIS 16761 (N.D. Cal.
   Feb. 1, 2019) ........................................................................................................ 5

*Kamar v. RadioShack Corp.*,
   375 F. App'x. 734 (9th Cir. 2010) ........................................................................ 7

*Khalif L. v. City of Union City*,
   No. C 09-2723 PJH, 2012 U.S. Dist. LEXIS 64567 (N.D. Cal. May
   8, 2012) ................................................................................................................ 5

*Lilly v. Jamba Juice Co.*,
   308 F.R.D. 231 (N.D. Cal. 2014) ......................................................................... 5

*Manning v. Boston Med. Ctr. Corp.*,
   725 F.3d 34 (1st Cir. 2013) ............................................................................. 3, 4

*McCurley v. Royal Seas Cruises, Inc.*,
   No. 17-cv-00986-BAS-AGS, 2019 U.S. Dist. LEXIS 52173 (S.D.
   Cal. Mar. 27, 2019) .............................................................................................. 8

*Messner v. Northshore Univ. HealthSystem, Inc.*,
   669 F.3d 802 (7th Cir. 2012) ................................................................................ 7

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) ................................................................................ 4

*Reyes v. Educ. Credit Mgmt. Corp.*,
   2016 U.S. Dist. LEXIS 66821 (S.D. Cal. May 19, 2016) .................................... 9

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ............................ 3, 8, 9

*Williams v. Oberon Media, Inc.*,
   468 F. App'x. 768 (9th Cir. 2012) ...................................................................... 6

*Wisdom v. Easton Diamond Sports, LLC*,
   2019 U.S. Dist. LEXIS 24500 (C.D. Cal. Feb. 11, 2019) .................................... 4

*Yagman v. Allianz Ins.*,
   No. 05-1126, 2015 U.S. Dist. LEXIS 127884 ..................................................... 4

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ........................................................................ 8, 9

**Federal Statutes**

47 U.S.C.
   Section 227(b)(1)(A)(iii) ..................................................................................... 6
   Section 227(b)(3)(B) .......................................................................................... 9
   Section 227(b)(3)(C) .......................................................................................... 9
   Telephone Consumer Protection Act ("TCPA") ........................................*passim*

Federal Rule of Civil Procedure
   Rule 12(f) ............................................................................................................ 3
   Rule 23 ........................................................................................................... 4, 5
   Rule 23(b)(1) ............................................................................................ 2, 9, 10
   Rule 23(b)(1)(A) ................................................................................................. 9
   Rule 23(b)(1)(B) ................................................................................................. 9
   Rule 23(b)(2) .............................................................................................. 2, 8, 9
   Rule 23(c)(1) ...................................................................................................... 4
   Rule 23(c)(1)(A) ........................................................................................... 4, 10

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiff Thane Charman ("Plaintiff") contends that Nationwide or an agent hired by Nationwide made telemarketing calls to the Plaintiff using technology governed by the Telephone Consumer Protection Act ("TCPA.")

Plaintiff is wrong on the fact—the calls were made manually—and wrong on the law—Nationwide is not vicariously liable for the acts of a third-party insurance agency, whose conduct it did not control, encourage, or ratify. But those issues will need to be resolved at a later stage in the case.

For now, the Court must strike Plaintiff's class allegations from the Complaint because the proposed class is facially deficient and cannot be certified as defined as a matter of law. Allowing the class definition to survive the pleadings stage will lead to a mess in the discovery phase and burden the parties and the court alike. The Plaintiff cannot—and will not—seek to certify the defined class; the defined class appears to be nothing more than a placeholder with Plaintiff intending to move the target to something better defined later in the case. But the Court should require Plaintiff to plead a plausibly certifiable class now—before discovery—as the rules require.

The defined class is deficient because it lacks of any factual contours in the definition. The defined class just tracks the elements of the TCPA—making it impossible to determine who is in the class without first assessing the merits of class members claims. That is per se and definitively inappropriate. For instance, class membership turns on whether the calls were made using equipment that qualifies as an automated telephone dialing system ("ATDS") for TCPA purposes, and whether the calls were made with or without the required level of consent from the "called party." These are the key substantive components of a TCPA claim. So the Court will need to impermissibly determine whether class members have meritorious claims in order to determine whether they are in the class in the first place.

The Court should also strike Plaintiff's class allegations under Rule 23(b)(2) because Plaintiff and the putative class members primarily seek individualized awards of monetary damages under the TCPA, which is improper under a Rule 23(b)(2) class. In addition, to the extent Plaintiff may argue that the class should be certified under Rule 23(b)(1), the argument should be rejected because Plaintiff predominately seeks monetary relief, and there is little risk that an individual decision would substantially impair or impede the ability of other putative class members to prosecute purported claims given that the key issue of consent for the TCPA claims is an inherently individualized inquiry.

For these reasons, and for the reasons set forth below, the Court should strike Plaintiff's class allegations now as the deficiencies in Plaintiff's putative class are inherent in the class definition itself and cannot be cured by discovery.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff field the Complaint on January 28, 2020, against Nationwide for claims under two causes of action: (1) Negligent Violations of the TCPA and (2) Knowing and/or Willful Violations of the TCPA.

Plaintiff alleges that "On or about September 17, 2019, Defendant or its agent contacted Plaintiff on his cellular telephone ending in '1119' from the number (619) 317-1849." (Complaint, ¶ 13.) Plaintiff contends that "A person on the other end identified themselves as an employee of Nationwide, and Plaintiff heard numerous other voices in the background indicative of a call center." (*Id*.) Plaintiff further asserts that "On or about September 25, 2019, again without Plaintiff's consent, Nationwide called from the number (801) 433-1850" and "sent Plaintiff an email on or about September 25, 2019 … memorializing what Plaintiff and Defendant's agent had spoken about on the call." (Compliant, ¶¶ 14, 15.)

Plaintiff alleges that "Upon information and belief, the calls were placed using an ATDS by an agent or vendor hired by Nationwide who was acting under the direction and control of Nationwide for the financial benefit of Nationwide."

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

(Complaint, ¶ 17.) Plaintiff further asserts that "Defendant's calls to [his] cellular telephone number were unsolicited … and were placed without [his] prior express written consent or permission. (Complaint, ¶ 30.)

Plaintiff seeks to represent one putative class:

> All persons within the United States who received any telephone call(s) from Defendant or its agent/s and/or employee/s, not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice without their consent in the four years prior to [sic] the filing of this Complaint.

(Complaint, ¶ 32.)

For the reasons set forth below this class is inappropriately defined, can never be certified as written, and must be stricken from the Complaint.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading. . . any redundant, immaterial, impertinent, or scandalous matter." Although disfavored when used for purposes of delay, "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). A motion to strike is particularly proper when "allegations create[] serious risks of prejudice to [the defendant], delay, and confusion of the issues." *Id.* at 1528.

A class action complaint must plead "the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's

class allegations." *Manning*, 725 F.3d 34 at 59; *see also*, *Wisdom v. Easton Diamond Sports, LLC*, No. CV-10-4078, 2019 U.S. Dist. LEXIS 24500, at *15 (C.D. Cal. Feb. 11, 2019).

A motion to strike class allegations should be granted "[a]t an early practicable time after a person sues." Fed. R. Civ. P. 23(c)(1)(A); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("[E]ither plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)."); *see also Hill v. Wells Fargo Bank, N.A.*, 946 F.Supp.2d 817, 829 (N.D. Ill. 2013) ("The rule's text plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23.")

Striking a class definition at the pleadings stage is particularly appropriate when it is facially uncertifiable in a manner that discovery cannot resolve. *See*, *e.g.*, *Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008) (striking class allegations on the grounds that the proposed class was an improper fail-safe). Indeed, courts have recognized the dangers of allowing a facially uncertifiable class to proceed to discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of [the] evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs); *see also Yagman v. Allianz Ins.*, No. 05-1126, 2015 U.S. Dist. LEXIS 127884, at *12 (failing to strike plaintiff's class allegations "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings").

**B.   Plaintiff's Class Allegations Must Be Stricken Because They Fail to Meet the Requirements of Rule 23.**

All the Court must do to determine the class should be stricken is to read the definition. The class definition contains virtually no facts—it just contains assertions regarding the quality of the class member's claims from a substantive perspective.

- 4 -

MOTION TO STRIKE CLASS ALLEGATIONS
*Case No. 3:20-CV-0181-JLS-MSB*

Such a class is per se uncertifiable. *See Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2010 U.S. Dist. LEXIS 3410, at *24 (N.D. Cal. Jan. 15, 2010) ("A class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class"); *see also Berndt v. Cal. Dep't of Corr.*, No. C 03-3174 VRW, 2010 U.S. Dist. LEXIS 57833, at *10 (N.D. Cal. May 19, 2010) (finding a class unascertainable, in part, because "there would be no easy way to determine class membership . . . without the court conducting individualized analyses based on the merits of each case.").

### 1. Plaintiff's Class Definition Must be Stricken Because They Are Not Defined by Objective Criteria and Instead Depend on Resolution of Merits Inquiries.

Although the Ninth Circuit does not impose an "administrative feasibility" requirement on Rule 23 classes, *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123 (9th Cir. 2017), a class must nevertheless be sufficiently defined with "objective criteria" to be certified. *Backhaut v. Apple Inc.*, No. 14-CV-02285-LHK, 2015 U.S. Dist. LEXIS 107519, at *32 (N.D. Cal. Aug. 13, 2015); *see also J.L. v. Cissna*, No. 18-cv-04914-NC, 2019 U.S. Dist. LEXIS 16761, at *18 (N.D. Cal. Feb. 1, 2019). Indeed, Ninth Circuit authority is clear that a class must be clearly and objectively defined to be certifiable. *See Briseno*, 844 F.3d at 1124 nn.3-4 (noting that although some courts use the word "ascertainability" to deny certification of classes that are not clearly or objectively defined, the Ninth Circuit addresses such "definitional deficiencies" through its analysis of Rule 23's enumerated requirements); *see also Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 237 (N.D. Cal. 2014) (citation omitted) ("[A]n identifiable class exists if its members can be ascertained by reference to objective criteria"); *see also*, *Goel v. Coalition Am. Holding Co.*, No. CV-11-2349, 2011 U.S. Dist. LEXIS 160745, at *24 (C.D. Cal. July 5, 2011) (holding that a proposed class must be ascertainable "by reference to objective criteria" (internal quotation marks omitted)). A proposed class that is insufficiently definite or not objectively defined is fatally flawed and cannot be certified. *Khalif L. v. City of Union*

*City*, No. C 09-2723 PJH, 2012 U.S. Dist. LEXIS 64567, at *18 (N.D. Cal. May 8, 2012) (citing *Williams v. Oberon Media, Inc.*, 468 F. App'x. 768, 770 (9th Cir. 2012)).

Here, the Court should strike Plaintiff's class definition because it requires the Court to consider the merits of Plaintiff's and the putative class members' claims in determining class membership. Specifically, to determine class membership, the Court would need to resolve key factual and legal merits issues to determine membership, including: (1) whether the individual was called by Nationwide, or its agents or employees on his or her cellular telephone, (2) whether the calls were not for an emergency purpose; (3) whether the calls at issue were made via the use of an ATDS; or, alternatively, (4) whether the calls at issue were made using an artificial or prerecorded voice; and (5) whether the calls at issue were made without the individual's prior express consent. These are essentially all of the elements of a TCPA case—and none of these elements are drawn with reference to specific facts. A side-by-side comparison between Plaintiff's class definition and the statutory text is shown in the table below:

| **Plaintiff's Class Definition**<br>Complaint ¶ 32 (emphasis added) | **47 U.S.C. § 227 (b) (1) (A) (iii)**<br>(emphasis added) |
|---|---|
| All persons within the United States who received any telephone call(s) from Defendant or its agent/s and/or employee/s, **not for an emergency purpose**, on said person's **cellular telephone**, made through the use of any **automatic telephone dialing system or artificial or prerecorded voice** <u>without their consent</u> in the four years prior to the filing of this Complaint. | It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—<br><br>(A) to make any call (**other than a call made for emergency purposes** or made with the <u>prior express consent</u> of the called party) using any **automatic telephone dialing system or an artificial or prerecorded voice**—<br>. . .<br>(iii) to any telephone number assigned to a . . . **cellular telephone** service . . . |

Indeed, because Plaintiff has covered *every single* element of a TCPA claim in his class definition (in words that are near-verbatim copies of the statutory language)

the class is a special kind of merits-based definition known as a failsafe class. "[W]hen the class itself is defined in a way that precludes membership unless the liability of the defendant is established," it constitutes an improper fail-safe class. *Kamar v. RadioShack Corp.*, 375 F. App'x. 734, 736 (9th Cir. 2010) (noting that a proposed class is a fail-safe and thus not "manageable," where class definition is "one that determines the scope of the class only once it is decided that a class member was actually wronged."). Such classes are especially problematic because members of the class essentially already know they are going to win their case before they have to decide whether or not to opt out of the class. *See Dixon v. Monterey Fin. Servs., Inc.*, No. 15-cv-03298-MMC, 2016 U.S. Dist. LEXIS 111687, at *7 (N.D. Cal. Aug. 22, 2016) (striking Plaintiff's proposed class, in part, because it was an improper fail-safe class); *see also*, *Chavez v. Air Prods. & Chems. Inc.*, 2016 U.S. Dist. LEXIS 189276, at *254 (C.D. Cal. Feb. 24, 2016) (striking several proposed subclasses as improper fail-safes because it was not "administratively feasible for the court to ascertain whether an individual is a member . . . where Plaintiff's subclasses provide no precise or objective criteria" (internal quotation marks omitted)).

But even if the class were not failsafe in nature, the mere fact that membership turns on the outcome of merits determination—as opposed to specific and objective factual criteria—is sufficient to assure that certification be denied. *See Dixon*, 2016 U.S. Dist. LEXIS 111687, at *7 (discussing inherent unfairness in permitting merits-based definitions to survive the pleadings stage); *see also Hanni*, 2010 U.S. Dist. LEXIS 3410, at *24 (It also makes it impossible to identify who is in the class before merits determinations are made, which is *per se* improper); *see also Messner v. Northshore Univ. HealthSystem, Inc.*, 669 F.3d 802, 825 (7th Cir. 2012) ("The problem posed by class members whose claims may fail on the merits for individual reasons is the obverse of a different problem with class definition: the problem of the 'fail-safe' class: one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim. Such a class definition is improper

because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment.").

### 2. Certification Under Rule 23(b)(2) Is Improper Because the Primary Relief Sought Is Monetary Damage.

Rule 23(b)(2) provides that a class action is appropriate if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." *Zinser v. Accufix Research Inst., Inc*., 253 F.3d 1180, 1195 (9th Cir. 2001) (citations omitted). "[Rule 23(b)(2)] does not authorize class certification when each individual class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores*, 564 U.S. at 360-61. "A class seeking monetary damages may be certified pursuant to Rule 23(b)(2) where such relief is merely incidental to [the] primary claim for injunctive relief." *Zinser*, 253 F.3d at 1195 (citation and internal quotation marks omitted).

Plaintiffs seeking damages under the TCPA for each unlawful call are therefore not eligible for Rule 23(b)(2) certification, "regardless of Plaintiffs' parallel request for injunctive relief." *Connelly v. Hilton Grand Vacations Co.*, 294 F.R.D. 574, 579 (S.D. Cal. 2013); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-00986-BAS-AGS, 2019 U.S. Dist. LEXIS 52173, at *85-86 (S.D. Cal. Mar. 27, 2019) ("A TCPA plaintiff who seeks an award of statutory damages for each alleged TCPA violation is primarily interested in money damages."); *see also Fisher v. MJ Christensen Jewelers, LLC*, No. 2:15-cv-00358-RFB-NJK, 2018 U.S. Dist. LEXIS 36048, at *20 (D. Nev. Mar. 6, 2018) (holding that a TCPA plaintiff's request for injunctive relief was incidental to her claim for monetary damages where she sought to recover $12 million in damages, as "damages are fundamental to Plaintiff's case.").

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Here, Plaintiff and members of the putative class primarily seek monetary damages for the alleged TCPA claims. They claim that they are entitled to damages under 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), which provide for statutory damages of $500 per call for negligent violations and $1,500 per call for willful or knowing violations of the TCPA. (Complaint, ¶¶ 45, 50.) Because Plaintiff and the members of the putative classes primarily seek monetary relief and individualized awards, which amounts rest on the specific number of calls or recordings by Nationwide or its agents in each individual's case, certification under Rule 23(b)(2) is improper. *See Wal-Mart Stores*, 564 U.S. at 360-361; *see also Connelly*, 294 F.R.D. at 579.

### 3. Certification Under Rule 23(b)(1) Is Likewise Improper.

Finally, to the extent that Plaintiff may contend that certification under Rule 23(b)(1) would be proper, such argument should be rejected. Plaintiff's proposed class cannot be certified under Rule 23(b)(1)(A) because, as discussed above, Plaintiff predominately seeks monetary relief. *Zinser*, 253 F.3d at 1194.

Moreover, certification under Rule 23(b)(1)(B) is likewise inappropriate because it only applies when the risk of an individual decision would "substantially impair or impede" the ability of other class members to prosecute their claims. Fed. R. Civ. Proc. 23(b)(1)(B). Here, there is little risk that an individual decision would substantially impair or impede the ability of other putative class members to prosecute purported claims given that the key issue of consent inherently requires an individualized inquiry. *Gene & Gene v. BioPay, LLC*, 541 F.3d 318, 329 (5th Cir. 2008) (noting that individual consent is a key issue in TCPA cases); *see Reyes v. Educ. Credit Mgmt. Corp.*, No. 3:15-cv-00628, 2016 U.S. Dist. LEXIS 66821, at *16 (S.D. Cal. May 19, 2016) ("The California Supreme Court has stated that '[A] business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate [section 632.7].' [Citation omitted]. However, a warning at the outset of a conversation is not necessary in every

circumstance. [Citation omitted].") Accordingly, certification under Rule 23(b)(1) is improper.

### 4. The Court Should Not Wait Until the Certification Stage to Address These Definitional Defects.

As discussed above, Plaintiff's proposed class cannot be certified as defined. The class is ill defined and vague, masking Plaintiff's true certification theory to the detriment of Nationwide.

Undoubtedly Plaintiff will ask the Court to overlook these flaws and allow him to leverage the cumbersome machinery of class discovery without ever giving Nationwide a look at the true class he intends to represent. Then—he will suggest—only at the time of class certification need he reveal his true intentions with respect to the scope of the class, affording defendants a limited opportunity to oppose the newly crafted definition with no time for targeted discovery.

That is powerfully unfair and not the way class actions should work—even if there is some authority for allowing "moving target" class definitions in this district. Nationwide has properly raised valid challenges to the proposed class definition as pleaded and Plaintiff should be called to task for his errant allegations here and now, rather than being afforded a free pass to the certification stage. *See* Fed. R. Civ. P. 23(c)(1)(A); *Gen Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

## IV. CONCLUSION

For the foregoing reasons, Nationwide respectfully requests that the Court strike the class allegations from Plaintiff's Complaint.

Dated:  March 30, 2020

SQUIRE PATTON BOGGS (US) LLP

By:   /s/ *Shiqi W. Borjigin*
     Eric J. Troutman
     Petrina A. McDaniel (*pro hac vice forthcoming*)
     Shiqi W. Borjigin

Attorneys for Defendant
NATIONWIDE MUTUAL
INSURANCE COMPANY

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, a copy of the foregoing Motion to Strike Class Allegations was served by ECF on the following:

Abbas Kazerounian, Esq.
Nicholas R. Barthel, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
ak@kazlg.com
nicholas@kazlg.com

Alex. S. Madar, Esq.
MADAR LAW CORPORATION
14410 Via Venezia #1404
San Diego, CA 92129
alex@madarlaw.net

*/s/ Shiqi W. Borjigin*___
Shiqi W. Borjigin, Esq.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

MOTION TO STRIKE CLASS ALLEGATIONS
*Case No. 3:20-CV-0181-JLS-MSB*
- 1 -